By the Court.
Bosworth, Ch. J.
—The order to show cause intimates no desire that any allegations of fact contained in the complaint should be stricken out, if the plaintiffs should elect to proceed for the avoidance of the assignments. In the event of such an election, it asks that portions of the prayer for relief be stricken out. This is a virtual concession that all the allegations of matters of fact contained in the complaint, are proper in a complaint in an action, to set aside the assignments, as fraudulent.
If all of them are proper allegations to be inserted in a complaint in an action instituted for such a purpose, then it must be for the reason that they, together, constitute but a single cause of action, or if they constitute several, that such several causes of action arise out of transactions connected with the same subject of action; or may be properly united.
*619 I think the object of the action is single, namely, to reach all the debtors’ property, and have it applied to pay the plaintiffs’ judgments. It does not cease to be single, merely because separate parcels may have been transferred by different instruments to different persons, nor because some of it may be held by one person under one claim of right, and other portions by another, under a different claim of right. (Boyd v. Hoyt, 5 Paige, 65; Cahoon et al. v. The Bank of Utica, 3 Seld., 486.)
But if the complaint contain more than one cause of action, and it is thought that the several causes of action cannot be properly united, and if the defendants seek to test that question, they should demur. (Code, § 144, subd. 5.) Section 148, by declaring that, if a defendant omits to demur on that ground, when the defect appears upon the face of the complaint, he shall be deemed to have waived that objection, by implication denies to him the right to test the question in any other manner.
It is possible, in the nature of things, that every allegation of fact, contained in the complaint, is true.
And it is sought to subject the plaintiffs, to an election to forego all claim to any relief in this action, if they should fail to prove that the assignment was made with an intent to. defraud, even though they might be entitled to relief upon proof of the allegations as to other matters; or to proceed for such relief, only as proof of the latter allegations would entitle them to demand..
If the defendants have any just grounds to support the opinion that no relief can be had in this action if the plaintiffs fail to prove the assignment fraudulent, I think the proper place and time to raise and decide that question is at the trial, when the Court shall have reached the conclusion that the assignments are valid.
I think the Court should be very cautious in striking out any portion of a prayer for relief. Irrelevant matter may be stricken out. But irrelevant matter embraces allegations of matters of fact, and they are irrelevant because they furnish no ground for relief in the action, in which they are found as part of the complaint, even if proved. If they would constitute a cause of action they are not irrelevant, although they may constitute one that cannot, properly, be united with another which is contained in the same complaint. “ A demand of the relief to which the *620 plaintiff supposes himself entitled,” it is his right and duty to insert in his complaint. When that is clearly and briefly stated, it should not be incautiously stricken out, even in part; as upon a failure to answer no relief can be granted exceeding that demanded by the complaint. (Code, § 141, sub. 3, and § 275.)
If the plaintiffs would be entitled to relief, in this action, on failing to show the assignment fraudulent, upon making proof of all or some of the allegations in respect to other matters, I do not think the Court has any right to compel them to elect to go for a part, only, of such relief as the law gives them a right to demand, on proof of all the allegations contained in their complaint.
The truth of such allegations is stated in proper form, and is not denied by the papers on which the order appealed from was made.
This complaint is not like one which states the same transactions in two or more separate and different forms, and therefore states, in form, two or more several causes of action, when, confessedly, a party has but one. The Code requires a party to state the actual facts of his case. A repetition of them, or of any of them, in the form of separate causes of action is not irrelevant, but is redundant, and all but one may be stricken out, leaving him to elect by which of them he will present his cause of action.
Inasmuch, therefore, as there is no motion to strike out any allegations of' the complaint as irrelevant or redundant, if the plaintiffs elect to treat the action as brought to set aside the assignment, and as that is evidently the object of this action, I think the plaintiffs have a right to prove their case, if the material allegations of the complaint shall be controverted, and to have such relief as the facts proved may entitle them to demand, and what that relief shall be should be left to be determined at .the trial. If it would then be beyond the power of the Court to dismiss the complaint, if the plaintiffs failed to prove the assignment fraudulent, I think it has no power now, in default of the plaintiffs electing as it sought to require them to do, to dismiss it, in part, by electing for them, as the Court must do, if it compels an amendment which will preclude them from obtain- *621 mg all the relief they would obtain, as a matter of right, on proof of all the allegations of the complaint, when left to stand in its present form.
If it be true, that on a complaint which is, clearly, framed with a view to assail the assignments as fraudulent, and to obtain a judgment to that effect, the plaintiffs cannot, on failing to establish the fraud, compel the defendants, to account in this action, under the assignments as valid assignments; then the motion to compel the election which it is sought to require the plaintiffs to make is an idle motion, and whether granted or denied, cannot affect the relief which should be granted in the present action, on the trial thereof.
If, with the prayer left in the complaint as it now reads, the material allegations of the complaint should be put at issue, and on the trial there should be a total failure to establish the fraud, and if notwithstanding that, the defendants could be compelled, in this action, to account; then they could be so compelled, even if the complaint should be amended by striking from its prayer the allegations, which it is asked should be stricken out, in the event of the plaintiffs’ electing to proceed in this action “ for the avoidance of the assignment.”
Whatever relief be prayed, if any be prayed, (and, possibly, if none be prayed,) it is the duty of the Court, if an answer be put in, to grant to the plaintiffs, “any relief consistent with the case made by the complaint, and embraced within the issue.” (Code, § 275.)
Hence, if an accounting under the assignments, as instruments which were made in good faith and are valid, would be relief consistent with the case made by the complaint, when that case is, that the assignments were made with intent to hinder, delay and defraud the plaintiffs, as judgment and execution creditors of the assignors, it would be the duty of the Court to grant it, whatever the form of the prayer for relief, and whether that relief was specially prayed or not.
H such relief would be inconsistent with such a case, then it could not be granted, though specially prayed for.
Therefore; whether the prayer for relief shall be left to stand, as it now reads, or shall be reconstructed, is a matter wholly unimportant, to either party, so far as the remedies of the one, *622 or the liabilities of the other, can be affected by a proper determination of this action.
Granting the motion, on which the order appealed from was made, would be, in effect, a declaration of the opinion of the Court, prior to the trial of the action, as to the extent of the relief which the Court would deem it proper to grant, as one state of facts, or another should be established at the trial.
Motions, made before the cause is at issue, the decision of which cannot effect any practical result beyond that, should not be entertained.
For the reasons stated, I think the order appealed from should be affirmed.
The order was affirmed, and the costs of the appeal declared to be costs in the cause and to abide the event.